In the Matter of ARNOLD I. BIEGEN (Admitted as ARNOLD IRWIN BIEGEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 7, 1992

### APPEARANCES OF COUNSEL

*Barbara S. Gillers* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Arnold I. Biegen was admitted to the practice of law in New York by the Second Judicial Department on December 16, 1959 under the name of Arnold Irwin Biegen. At all times pertinent to this proceeding respondent main-

tained an office for the practice of law within the First Judicial Department.

On January 31, 1992, respondent was charged in an indictment, filed in New York County Supreme Court with: one count of grand larceny in the second degree, in violation of Penal Law § 155.40 (1); 21 counts of grand larceny in the third degree, in violation of Penal Law § 155.35; eight counts of grand larceny in the fourth degree, in violation of Penal Law § 155.30 (1); and 29 counts of falsifying business records in the first degree in violation of Penal Law § 175.10.

This indictment arose from respondent having stolen substantial amounts of money from a Committee for Mayor David N. Dinkins.

On February 7, 1992, respondent was charged in a second indictment filed in New York County Supreme Court with one count of grand larceny in the second degree in violation of Penal Law § 155.40 (1). This indictment arose from respondent having stolen money from one Beatrice Klein.

On February 10, 1992, respondent entered a plea of guilty in the Supreme Court of the State of New York, County of New York (Daniel P. FitzGerald, J.), to one count of grand larceny in the second degree, in violation of Penal Law § 155.40 to cover the first indictment and one count of grand larceny in the second degree, in violation of Penal Law 155.40 in satisfaction of the second indictment.

By notice of petition dated February 24, 1992, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that respondent has been convicted of a felony as defined by Judiciary Law § 90 (4) (e).

A copy of the Committee's petition was received on behalf of respondent on February 24, 1992. To date, respondent has not interposed an answer.

New York Judiciary Law § 90 (4) (a) provides: "Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

Respondent stands convicted of two counts of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony. Thus, pursuant to Judiciary Law § 90 (4) (a), respondent ceased to be an attorney by operation of law upon

his conviction of a criminal offense which is classified as a felony under the laws of this State.

CPL 1.20 (13) defines conviction as "the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument."

As such, respondent was automatically disbarred upon his entry of his plea of guilty to felony offenses on February 10, 1992.

Accordingly, the petition is granted and respondent's name is stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

CARRO, J. P., ROSENBERGER, KUPFERMAN, ASCH and KASSAL, JJ., concur.

Respondent having been automatically disbarred by reason of his conviction of a felony, his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective as of February 10, 1992, as indicated.